# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERALD TUCKER, | CASE NO. 1:12-cv-00997-LJO-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE |
| v. | (Doc. 1) |
| L. PETERSON, et al., | |
| Defendants. | |

## I. Introduction

Plaintiff Jerald Tucker, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 21, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In this action, Plaintiff seeks to relitigate the claim which was raised and dismissed, with prejudice, on October 26, 2010, in case number 1:09-cv000333-GSA *Tucker v. Fresno Community Medical Center, et al.* Judgment in that case was subsequently affirmed on appeal by the Ninth Circuit on October 7, 2011.[1] Plaintiff concedes he is attempting to relitigate the same claim which was dismissed, but he represents that he is resubmitting his "petition" with the hope of addressing all the mistakes previously made. (Comp., court record p. 7.)

## II. Discussion and Order

The doctrine of *res judicata* bars the re-litigation of claims previously decided on their

---

[1] The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

1  merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). "The elements
2  necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits,
3  and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres.*
4  *Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)).

5      In this action, Plaintiff seeks to hold L. Peterson, a nurse at Community Regional Medical
6  Center (CRMC), liable for violating his rights under the Eighth Amendment of the United States
7  Constitution on May 25, 2008. Plaintiff was transported to CRMC by ambulance on May 24, 2008,
8  and he remained there for approximately twenty-two hours, at which time he was discharged for
9  refusing to stand up as directed by Peterson. Based on the events, Plaintiff also seeks to impose
10 liability on Warden Doe, Sergeant Blackstreet, Dr. Hasadsri, and two Doe officers in their official
11 capacities arising out of their overall responsibility for prison health care.

12     The events involving CRMC, Peterson, and Plaintiff's discharge from the hospital were
13 litigated in case number 1:09-cv000333-GSA and Plaintiff concedes as much in his complaint.
14 Plaintiff may not relitigate that claim in this action in an attempt to cure the deficiencies at issue in
15 1:09-cv000333-GSA. Plaintiff's claim against Defendant Peterson is unquestionably barred by the
16 doctrine of *res judicata*, *Headwaters, Inc.*, 399 F.3d at 1052, and Plaintiff's attempt to impose
17 liability on the other defendants in their official capacities for these events fails as a matter of law,
18 *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (no *respondeat superior*
19 liability); *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (suits for damages
20 against state officials in their official capacities barred by Eleventh Amendment).

21     Based on the foregoing, this action is HEREBY ORDERED dismissed, with prejudice.

23 IT IS SO ORDERED.

24 **Dated:   February 8, 2013             /s/  Lawrence J. O'Neill**
                                   UNITED STATES DISTRICT JUDGE